### GARVIN V. PETTEE *et al.*

1. A notice that a motion to dismiss an appeal will be made in the supreme court at a time and place stated is sufficient to entitle the moving party to a hearing, although the motion is not entitled as being made in this court.

2. A motion to dismiss an appeal may be made in the supreme court before the cause appears upon the calendar.

3. Where an appeal is taken from an order dissolving a temporary injunction, under Comp. Laws, § 5228, and no further steps are taken to prosecute the appeal for four months, nor any excuse shown why the cause is not prepared for argument, the appeal will be dismissed on motion of appellee.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Stanley county.   Hon. LORING E. GAFFY, Judge.

Action by Frank L. Garvin against F. A. Pettee and others to determine conflicting claims to certain shares of bank stock.   From an order dissolving a temporary injunction, plaintiff appeals.   Appeal dismissed.

*M. G. Sinon* and *John F. Hughes*, for appellant.

*Horner & Stewart*, for respondents.

Haney, J. This action was instituted to determine conflicting claims to certain shares of bank stock, to compel defendant bank to transfer such stock on its books to the plaintiff, and to restrain the transfer thereof to the defendant Pettee, or any other person. On December 6, 1899, after a trial, the following judgment was entered: ''Now, on motion of Horner & Stewart, attorneys for said defendant F. A. Pettee, it is by the court ordered, adjudged, and decreed that this action be, and the same is hereby, dismissed, and that all orders of injunction made and issued out of this case be, and the same are hereby, vacated and set aside in all things. And it is further ordered, adjudged, and decreed that the defendant F. A. Pettee is the owner of the three shares of stock, and of• the certain certificate of stock numbered 102, representing three shares of stock of the Stock Growers' Bank of Fort Pierre, Stanley county, South Dakota. It is further ordered, adjudged, and decreed that the defendant F. A. Pettee do have and recover of the plaintiff, Frank L Garvin, the sum of forty and 30-100 dollars for his costs and disbursements in this action, to be hereinafter taxed and inserted herein by the clerk of this court.'' On the same day the following order was entered: ''Ordered, that the injunction order herein shall remain in full force and effect on the executing and filing by the plaintiff of a bond in the sum of three hundred dollars within three days hereof, during pendency of appeal.'' On December 9, 1899, an appeal was taken and perfected from the order dissolving the temporary injunction. No further steps having been taken to prosecute such appeal, respondent Pettee noticed a motion for hearing April 20, 1900, for an order dismissing the same. On that day appellant appeared, and filed the following objections to the motion to dis-

miss: "(1) He objects to the hearing of said motion for the reason that the same is not entitled as being made in this court, and that this cause is not on the calendar of this court. (2) Plaintiff asks that said motion be denied, and that the appeal herein be by this court continued until the next term of this court, when this court can consider the same in connection with the appeal from the final judgment and order denying the motion for a new trial herein, and then determine this appeal on its merits. (3) Plaintiff and appellant also prays this court to fix an undertaking to stay the execution of the final judgment herein during the pendency of the appeal from said final judgment, the circuit court having neglected and refused to fix such undertaking; and likewise for such other and further orders herein as may be just and necessary under the circumstances herein."

The first objection is without merit. Respondent's notice distinctly states when, where, and in what court he will move to dismiss. That the cause is not upon the present term calendar is a reason why the appeal should be dismissed, rather than an objection to the consideration of respondent's motion.

The other objections involve the merits of the motion to dismiss. It appears that a restraining order or temporary injunction was issued when the action was commenced. At the conclusion of a trial upon the merits an order was made dissolving the temporary injunction. This was, in effect, a refusal to continue such injunction pending the preparation and prosecution of an appeal from the judgment upon the merits. In order to prevent any change in the status of the property during the pendency of an appeal from the judgment, it was necessary to take and perfect an appeal from the order vacat-

ing the temporary injuncion within the time prescribed by the statute. Comp. Laws, § 5228. That appeal is now before us. It involves only one question, namely, should the trial court, in view of all the circumstances, have restrained defendants from disposing of the property while plaintiff was preparing and prosecuting an appeal to this court from the final judgment? It affects only the provisional remedy. It is ancillary to and independent of any appeal which has been or may hereafter be taken from the judgment, and its prosecution in this court should not be delayed or in any manner affected by an appeal from the judgment. No valid reason existing, or excuse having been shown why this appeal was not prepared for argument at the present term, respondent's motion to dismiss is granted.